# Keystone Commercial Company v. City of Maysville.

(Decided June 4, 1913.)

## Appeal from Mason Circuit Court.

1. Trial—Jury Trial in Equitable Actions.—Section 12 of the Civil Code of Practice providing for a trial by jury of issues of fact in an equitable action has no application where the pleadings fail to make an issue.

2.  Pleading—Possession of Streets.—Where the petition of a muni-
    cipality alleged ownership and exclusive control over a street
    which it had so held for the benefit of the public, generally, for
    fifty years, it stated a cause of action for injunctive process to
    require the defendant to remove its obstructions from the street.
3.  Trial—Sufficiency of  Evidence.—Where the answer  fails  to
    make an issue, the alleged insufficiency of the evidence to sus-
    tain the judgment is not open to review.

ALLEN D. COLE for appellant.

W. H. REES for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

On December 2, 1785, Patrick Henry as governor of
Virginia, issued a patent to John May for 800 acres of
land binding upon the Ohio River and Limestone Run in
what was then Fayette County, later Bourbon County,
and now Mason County, Kentucky. By an act of the
General Assembly of Virginia, passed December 11,
1787, the town of Maysville in what was then Bourbon
County, Kentucky, was incorporated, with Daniel Boone
and five others named as trustees in the act. The town
was located upon the John May survey above described;
town lots were sold; and early in the last century the lot
fronting on the south side of Third street between Sut-
ton street and Maddox avenue, became the property of
Michael Ryan. What was then known as a part of the
county road but now known as Phister avenue, ran from
Sutton street to Maddox avenue, leaving Sutton street
at a point about 120 feet south of Third street. Ryan
bought the property in question in 1848, and some years
later he sold it to Purnell. The lot extended back to
Phister avenue, which was referred to in the deed.
From that time Phister avenue has been an open road-
way or street, used by the public generally. In Novem-
ber, 1908, the city of Maysville brought this injunction
suit against the Keystone Commercial Company, which
in the meantime by mesne conveyances, became the
owner of the Ryan lot upon the corner of Third and Sut-
ton streets, to require it to remove a fence which it had
placed across the rear end of its lot in such a way as to
completely close Phister avenue. The plaintiff express-
ly claimed under the reservation of the Ryan deed which
plaintiff alleged had been lost beyond recovery. The
defendant answered with a traverse on December 23,
1908, and moved the court to transfer the case to the

ordinary docket for a jury trial upon the question of fact involved in the claim of ownership by the respective parties. The motion to transfer was overruled on January 9, 1909, and subsequently, on October 8, 1912, the plaintiff filed an amended petition in which it withdrew the allegations of the original petition in which it was stated the plaintiff had obtained the ownership and title to Phister avenue by a deed from Ryan; and in lieu thereof the amended petition alleged that the city had used and had exclusive jurisdiction over said old road or passway now known as Phister avenue, as a street, for more than fifty years, during which time it had used and treated said road as one of its streets and as a thoroughfare for the use of the city and the public generally. No answer was filed to this amended petition. The parties proceeded, however, by depositions to present their respective claims to the possession and ownership of Phister avenue;, and upon a trial the chancellor granted the prayer of the petition; established Phister avenue as one of the streets and thoroughfares of the city of Maysville, and required the defendant to remove its fence; and from that judgment it prosecutes this appeal.

Appellant assigns three grounds of error; (1) that the court erred in overruling its motion for a jury trial upon the issue of fact; (2) that its demurrer to the petition should have been sustained; (3) that the chancellor's judgment is not sustained by the evidence.

1. Section 12 of the Civil Code of Practice provides that in an equitable action, properly commenced as such, either party may, by motion, have the case transferred to the ordinary docket for the trial of any issue concerning which he is entitled to a jury trial. The right given by the Code, however, is to trial of issues concerning which he is entitled to a jury trial; but if no issue be formed by the pleadings there is nothing to try. In the case at bar, the appellant failed to make any issue as to the allegation of the amended petition, which were distinct from and wholly different from the issues made by the original petition and the answer. We have carefully examined the answer to the original petition and find that it is not broad enough in its terms to make an issue with the allegations of the amended petition. It follows, therefore, that appellant had no ground for transferring the case to the ordinary docket since there was no issue to be tried.

2.    Appellant criticises the petition because it fails to allege that appellee was in the actual, peaceable, uninterrupted and exclusive adverse possession of the street for more than fifteen years; and further because it is claimed, it shows upon its face that appellee, if its title to the street was good and sufficient, had an adequate remedy at law and that an injunction would not lie for that reason.    The demurrer is not well founded, since the amended petition expressly alleged that the plaintiff owned said street and had had exclusive jurisdiction over it and had used it as a street and thoroughfare for more than fifty years.    Of course, the ownership in the city was for the use of the public; and the amended petition alleged that it was so exclusively used for the public during the period mentioned.    The petition was sufficient and the chancellor properly overruled the demurrer.

3.    Little need be said as to the third ground that the judgment of the chancellor is not supported by the evidence.    In the first place, as no issue was made, the allegations of the amended petition stood confessed, and no evidence was necessary to sustain plaintiff's cause of action.    Furthermore, if we should treat the case as though an issue had been made upon the amended petition, the evidence fully sustains the finding of the chancellor.

Judgment affirmed.